```
            IN THE UNITED STATES DISTRICT COURT
            FOR THE SOUTHERN DISTRICT OF TEXAS
                      HOUSTON DIVISION


TRUGREEN LANDCARE, L.L.C.,      §
                                §
                                §
            Plaintiff,           §
                                §
VS.                             §   CIVIL ACTION H-12-514
                                §
TELFAIR COMMUNITY ASSOCIATION,  §
INC.,                           §
                                §
            Defendant.          §
```

## OPINION AND ORDER

Pending before the Court in the above referenced diversity action is Defendant Telfair Community Association, Inc.'s ("Telfair's") motion to reconsider the Court's order (#13) denying its earlier motion to transfer venue pursuant to a venue selection clause in the parties' Grounds Maintenance Contract,[1] and to dismiss this action (instrument #15).

The venue selection clause in dispute provides that "parties stipulate and agree that venue for any action brought hereunder shall property [*sic*] lie in the state and federal courts situated in Fort Bend County, Texas." #15, Ex. A, ¶ 8.12. Defendant contends that venue selection clauses similar to this one ("situated *in* Fort Bend County, Texas") in counties that lack a federal district court operate as a waiver of federal venue. *Collin County v. Siemens Bus. Servs., Inc.*, 250 Fed. Appx. 45, 52

---

[1] Exhibit A to #15. The motion to transfer was included in Telfair's answer (#4).

(5th Cir. 2007)(when exclusive forum is a county that does not have a federal courthouse, the parties to the forum selection clause have waived their rights to seek redress in federal courts).  *In accord Yakin v. Tyler Hill Corp.*, 566 F.3d 72, 76 (2d Cir. 2009)(holding that when forum selection clause names a county without a federal court as the exclusive forum, the parties have waived their right to federal court), *cert. denied*, 558 U.S. 947 (2009); *Global Satellite Communication v. Starmill U.K. Ltd.*, 378 F.3d 1269 (11th Cir. 2004)(holding that parties waived their rights to bring suit in federal court when they selected a county without a federal courthouse as the exclusive venue).  Telfair asks the Court to dismiss the claims against it for improper venue under Federal Rule of Civil Procedure 12(b)(3) or, alternatively, to reconsider its denial of the motion to transfer and order the case transferred to a state district court in Fort Bend County, Texas under 28 U.S.C. 1406(a) because the venue selection clause prevents filing in federal court.

   Plaintiff TruGreen Landcare L.L.C., a resident of Fort Bend County, Texas, responds first that this Court correctly held that "because the contract contemplates federal court as a proper venue for disputes between Plaintiff and Defendant and because Fort Bend County, Texas is within the Southern District of Texas, this Court is the appropriate federal court for disputes arising in Fort Bend County."  #13.  Second, it argues that the venue selection clause is permissive, not mandatory, because it does not contain such

words as "exclusive," "sole," or "only" and is distinguishable from *Collin County*, 250 Fed. Appx. 45, on that basis. A clause is permissive if it authorizes filing in a designated forum but does not foreclose other fora. *Breakbulk Transp., Inc. v. M/V Renata*, Civ. A. No. H-07-2985, 2008 WL 1883790, *2 (S.D. Tex. Apr. 25, 2008)("[A] forum selection clause providing merely that a particular court 'shall have jurisdiction' over the controversy has been found to be permissive because it does not foreclose the possibility that other courts may also have jurisdiction."), *citing Caldas & Sons, Inc. v. Willingham*, 17 F.3d 123, 127-28 (5th Cir. 1994), and *Keaty v. Freeport Indonesia, Inc.*, 503 F.2d 955, 956-57 (5th Cir. 1974). The forum selection clause in this case contains none of the requisite "exclusivity language" nor provides that the state courts in Fort Bend County are to be the exclusive venue. Instead it expressly contemplates that a federal venue is appropriate.

Venue selection clauses are treated similarly to forum selection clauses. *Alliance Health Group, LLC v. Bridging Health Options, LLC*, 553 F.3d 397, 399 (5th Cir. 2008). Federal law applies to determine whether a venue selection clause within a contract is enforceable in diversity and federal question cases. *Id.* Under federal law, a forum selection clause is presumed valid and a party seeking to set it aside must demonstrate that it is unreasonable under the circumstances, i.e., "that the clause results from fraud or overreaching, that it violates a strong

public policy, or that the enforcement of the clause deprives the plaintiff of his day in court." *M/S Bremen v. Zapata Off-shore Co.*, 407 U.S. 1, 9, 12-13, 15, 18 (1972).

"[W]hen a forum selection clause sets exclusive venue in a county in which no federal court is located, the clause cannot reasonably be interpreted to include a federal district court located in another county even though the designated county is within the district or division served by the federal court." *Paolino v. Argyll Equities, L.L.C.*, No. SA-05-0342-XR, 2005 WL 2147931, * (W.D. Tex. Aug. 31, 2005), *aff'd*, 211 Fed. Appx. 317 (5th Cir. Dec. 28, 2006).  The key issue here is whether the venue selection clause is mandatory (sometimes called "exclusive") or permissive. *Aerus LLC v. Pro Team, Inc.*, No. Civ. A. 304CV1985M, 2005 WL 1131093, *4 (N.D. Tex. May 9, 2005).  "'Where the agreement contains clear language showing that jurisdiction is appropriate only in a designated forum, the clause is mandatory.'"  *Id., quoting Von Graffenreid v. Craig*, 246 F. Supp. 2d 553, 560 (N.D. Tex. 1997)(*citing Excell, Inc. v. Sterling Boiler & Mech., Inc.*, 106 F.3d 318, 321 (10th Cir. 1997)); *Docksider, Ltd. v. Sea Tech, Ltd.*, 875 F.2d 762, 763-64 (9th Cir. 1989); and *First Nat'l of N. Am., LLC v. Peavy*, No. 3-02-CV-0033-R, 2002 WL 449582, *1 (N.D. Tex. Mar. 21, 2002).  "A party's consent to jurisdiction in one forum does not necessarily waive its right to have an action heard in another.  For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have

jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive." *City of New Orleans*, 376 F.3d at 504, *citing Keaty v. Freeport Indonesia, Inc.*, 503 F.3d 955 (5th Cir. 1974). "A permissive forum selection clause authorizes jurisdiction in a particular forum, but does not prohibit litigation elsewhere." *Aerus*, 2005 WL 1131093, *4, *citing Peavy*, 2002 WL 449582, at *1.

The venue selection clause at issue uses the mandatory word "shall," not the permissive word "may." *Group Contractors, LLC v. Kizziah Const., Inc.*, Civ. A. No. 09-693, 2010 WL 1274386, *4 (M.D. La. Apr. 1, 2010). Although "shall" is "generally mandatory," despite the presence of the word, the forum or venue selection clause may be permissive. *Caldas & Sons*, 17 F.3d at 127 (In a clause stating that "[t]he laws and courts of Zurich are applicable," the Fifth Circuit concluded that"[t]he only thing certain . . . is that the parties consented to personal jurisdiction of the Zurich courts. Beyond that, however, the language does not clearly indicate that the parties intended to declare Zurich to be the exclusive forum for the adjudication of disputes arising out of the contract."), *citing Keaty*, 503 F.2d at 957 (regarding forum selection clause stating, "This agreement shall be . . . enforceable according to the law of the State of New York and the parties submit to the jurisdiction of the courts of New York," holding that despite the presence of the word "shall," the clause was permissive), and *Hunt Wesson Foods, Inc. v.*

*Supreme Oil Co.*, 817 F.2d 75 (9th Cir. 1987)(in a forum selection clause stating, "The courts of California, County of Orange, shall have jurisdiction over the parties in any action at law relating to the subject matter or the interpretation of the subject matter of this contract," the Ninth Circuit found that the only thing certain is that the Orange County courts have personal jurisdiction). "For a forum selection clause to be exclusive, it must go beyond establishing that a particular forum will have jurisdiction and must clearly demonstrate the parties' intent to make that jurisdiction exclusive." *City of New Orleans v. Municipal Administrative Services, Inc.*, 376 F.3d 501, 504 (5th Cir. 2004). The venue clause in dispute here says in essence that venue is proper in Fort Bend County and shows that the parties consented to venue in Fort Bend County, but it does not state that Fort Bend County is the exclusive or only place or that venue is improper in other counties or districts, although any proper forum must satisfy 28 U.S.C. § 1391(b).[2]  Thus *Collin County* does not apply.

---

[2] Section 1391(b), the general venue statute, provides that a civil action may be brought in–

(1) a judicial district in which any defendant resides, if all defendants are residents of the State in which the district is located;

(2) a judicial district in which a substantial part of the events or omissions giving rise to the claim occurred, or a substantial part of property that is the subject of the action is situated; or

(3) if there is no district in which an action may otherwise be brought as provided in this section, any

Because the Court finds that the venue selection clause here is permissive, that the Southern District of Texas includes Fort Bend County and is a proper venue under 28 U.S.C. § 1391(b), and thus that venue in this Court is proper, the Court

ORDERS that Telfair's motion to reconsider and to dismiss is DENIED. Because there is no federal forum in Fort Bend County, because § 1406 does not allow transfer to a non-federal forum,[3] and because venue is proper here, Telfair's motion to transfer under § 1406 (#15) is also DENIED.

**SIGNED** at Houston, Texas, this  14th  day of  May , 2013.

_____
MELINDA HARMON
UNITED STATES DISTRICT JUDGE

---

    judicial district in which any defendant is subject to the court's personal jurisdiction with respect to such action.

Here the sole defendant, Telfair, is a resident of Fort Bend County, Texas, located in the Southern District of Texas, and the contract was for landscaping services to be performed in Fort Bend County.

   [3] "Sections 1404 and 1406 only allow for transfer within the federal system." *Chandler Management Corp. v. First Specialty Ins. Corp.*, 2013 WL 395577, *2 (N.D. Tex. Jan. 31, 2013), *citing In re Atlantic Marine Constr. Co., Inc.*, 701 F.3d 736, 740 (5th Cir. 2012).